[No. 23391. Department One. January 19, 1932.]

OTTO BAEDEKER AND ASSOCIATES, INC., *Appellant*, v. HARRY H. HUTTON, *Respondent*.[1]

*Luby & Pearson* and *Brown & Weller*, for appellant.
*Thomas A. E. Lally,* for respondent.

HERMAN, J.—This case is based upon an alleged written contract by defendant, a Spokane hotel keeper, to purchase publicity from plaintiff at the rate of one hundred dollars per year in the annual editions of a travel book, compiled by plaintiff, for the years 1929 and 1930, and thereafter until canceled by registered mail by either party at a fixed time preceding the date of subsequent editions.

When defendant received the 1929 travel book, together with a bill for one hundred dollars, he sent back the bill, with a statement written thereon that he knew nothing about it. Plaintiff answered by sending defendant a photographic copy of a document bearing defendant's signature, to which we will later make a more detailed reference. Plaintiff continued to send defendant bills and letters asking for two hundred dol-

[1]Reported in 7 P. (2d) 17.

lars, and in 1930 forwarded to defendant the 1930 travel book. The trial court entered judgment for defendant, from which plaintiff appeals.

The trial court found, in substance, as follows: During October, 1928, appellant, or some one on its behalf, sent to respondent, through the mails, a sealed envelope in which were a letter and a separate printed sheet containing a list of questions about his hotel, with blank lines after each question for the answer thereto. The letter requested respondent to furnish appellant with information regarding the hotel by answering the questions on the blank lines, but contained no statement or reference about any charge, contract or obligation which would be incurred by respondent in complying with the letter.

Respondent, relying on the letter, did not read any part of the document he signed, except the questions he was requested to answer, and wrote the answers to the questions on the sheet, signed his name on the blank line thereon calling for his signature, and returned to appellant by mail the document so answered.

The letter did not truthfully represent the sheet containing the questions, and for that reason respondent did not read all of the sheet. Both the letter and sheet containing the questions were designed by appellant for the purpose of deceiving respondent, and did deceive respondent. The sheet was so unfairly printed and constructed by appellant that respondent did not notice that it contained an obligation on his part to pay money, which obligation was in the form of an alleged offer, placed on the sheet in an isolated corner thereof and far removed from the questions and blank lines on which respondent wrote his answers.

The arrangement of the printed matter on the sheet was such that respondent, in relying on the letter accompanying it, and following the directions of the let-

ter, did not have reasonable grounds for knowing it contained an obligation on his part. The words of obligation were so placed on the sheet by appellant that respondent would not and did not notice them, and so that they did not appear to be an offer, contract or obligation. The trial court further found that respondent did not know he had signed any offer, contract or obligation, and did not intend to do so.

An examination of the testimony in the case convinces us that the evidence does not preponderate against the findings of the trial court. We are therefore bound to accept those findings as correct. A study of the document alleged by appellant to be a contract convinces us that its arrangement was such as would be calculated to deceive a reasonably prudent man, who had received a letter such as the trial court found respondent had received in connection therewith. The trial court found that respondent was so deceived, and the evidence supports such a finding.

In *American Travel & Hotel Directory Co. v. Curtis,* 236 Ill. App. 236, the court, when considering a document which, like that in the case at bar, suggested that its unusual form and order of words were the result of premeditated ingenuity, said:

" . . . it is only fair to say that, even if by a strained interpretation a contract may be found therein, the document, taken as a whole, demonstrates that it was intended to deceive, and did deceive; and, as a result, there was no meeting of minds, and so no binding contract."

We concur with the trial court's conclusion that the minds of appellant and respondent never met in any contract or obligation.

The judgment will be affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and BEELER, JJ., concur.